[No. 8795. Department One. — January 28, 1886.]

## M. CERF ET AL., RESPONDENTS, *v.* OTIS ASHLEY ET AL., APPELLANTS.

MORTGAGE — FORECLOSURE — JOINDER OF PARTIES PLAINTIFFS — AMEND-MENT. — Under sections 378 and 385 of the Code of Civil Procedure, a trustee to whom a mortgage has been assigned as security for a debt of the mortgagee may be joined with the latter as plaintiffs in an action to foreclose the mortgage; and if the trustee is not originally made a plaintiff, he may be brought in by amendment.

ID. — ADMISSION OF EXECUTION OF NOTE — PROOF OF INDEBTEDNESS. — In such an action, if the note to secure which the mortgage was given is recited in the complaint, and the averment as to its contents and due execution is not denied by the answer, the plaintiff need not offer evidence to prove the indebtedness.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Z. N. Goldsby,* and *F. Adams,* for Apellants.

*A. E. Bolton,* for Respondents.

McKINISTRY, J. — The action is to foreclose a mortgage, executed May 13, 1878, by Otis and Sarah A. Ashley, to secure their promissory note of even date therewith.

It is claimed by appellants that the mortgagees had no interest in the note and mortgage when the action was commenced.

On the 19th December, 1878, the mortgagees assigned to "E. L. Williams, trustee for E. H. Watson," the said note and mortgage of defendants Otis and Sarah Ashley, to secure the payment of a note of the mortgagees (Cerf, Blockman, and Blum).

The original complaint was filed November 6, 1879, by Cerf, Blockman, and Blum, and contained no reference to their transaction with Williams.

January 29, 1880, an amended complaint was filed, with leave of the court, and with the consent of Williams (who verified the same), in which E. L. Williams, trustee, is made co-plaintiff with the original plaintiffs. The amended complaint sets forth the assignment to Williams, and that the same was as security for the payment to him of the note of Cerf, Blockman, and Blum.

Williams might properly have been joined as plaintiff in the original complaint, the suit being in equity. "All persons having an interest in the subject-matter and in the relief demanded may be joined as plaintiffs, except when otherwise provided in this title." (Code Civ. Proc., sec. 378.)

The code allows, in case of a transfer of *a part* of the subject-matter, the transferee to be joined as plaintiff with the original plaintiff. "In case of a transfer . . . . of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding. (Code Civ. Proc., sec. 385.) It would be too narrow a construction of this section to hold that it applies only where the transfer is of the entire interest.

By section 369 of the Code of Civil Procedure it is provided : —

"A trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted."

Williams was not a trustee of an express trust, but if he were, the code only *permits* the non-joinder.

In a suit in equity the assignee of the legal title may ordinarily be joined with the party retaining an equitable right. Both have an interest in the relief demanded.

The court below did not err in allowing the amended complaint.

Appellants contend that the fifth and sixth findings are not sustained by the evidence, and that the seven-

teenth and eighteenth findings are without any issues that can be made in this action.

The findings are not numbered, and this of itself would be sufficient reason why these points could not be maintained. But assuming that the references in the brief of counsel are to findings mentioned in the enumeration of particulars wherein the evidence is claimed to be insufficient, at the end of the statement on motion for a new trial, the objections of appellants are not such as should be sustained.

It is said that the debt, to secure which the mortgage was given, was not proved at the trial, and therefore, neither should the mortgage have been admitted in evidence, nor should plaintiffs have had decree in their favor. But the note of the mortgagors was recited in the complaint, and the averment as to its contents and due execution was not denied in the answers. The ascertainment of the amount due was a mere matter of arithmetic.

The inquiry with respect to the consideration of the note given by the mortgagees to Williams, or as to the consideration for the assignment, could not have injured the defendants. These were things which did not concern the defendants, except, *perhaps*, as to the matter of costs, and in an equity suit the costs may be apportioned by the court. It was necessary for the court to ascertain the amount due from the mortgagees to Williams in order to provide in the decree for the proper distribution of the proceeds of the sale of the mortgaged premises.

Judgment and order affirmed.

McKEE, J., and Ross, J., concurred.

Hearing in Bank denied.