**ALAMEDA et al. v. PARAFFINE COM-PANIES, Inc., et al.**

No. 11960.

Circuit Court of Appeals
Ninth Circuit.

July 8, 1948.

Gladstein, Andersen, Resner & Sawyer and Ewing Sibbett, all of San Francisco, Cal., for appellant.

Moses Lasky and Marion Plant, both of San Francisco, Cal. (Brobeck, Phleger & Harrison, of San Francisco, Cal., of counsel), for appellees.

Before GARRECHT, DENMAN, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

Appellee, The Paraffine Companies, Inc., moves to dismiss the appeal from a civil judgment on the ground that the appeal was filed more than three months from the entry of the judgment. The notice of appeal was filed on February 20, 1948, and purports to be from a judgment entered on November 25, 1947.

The record before us shows that on November 6, 1947, an order was made that "said complaints are hereby dismissed by reason of the lack of jurisdiction." It was signed by three district judges of the United States District Court for the Northern District of California.

In order to make certain our jurisdiction, we have examined the district court's civil docket of this case and find that this signed order of November 6, 1947, was entered on November 6, 1947, as follows: "Ord. case dismissed." The Clerk made no entry of

a judgment of costs. No appeal was taken from this order of November 6, 1947, and appellee claims that it, and not a later judgment entered November 25, 1947, is the final order disposing of the case.

However, on November 24, 1947, in the same term of court, at the request of the appellee, approved as to form by appellant, the court amended its order of November 6, 1947, by adding a judgment for costs. The second judgment reads, as the first, that the action "be dismissed by reason of lack of jurisdiction," but to it was added "and that defendant recover its costs." It is not to be supposed that the appellee was then setting a jurisdictional trap for the appellant, but rather sought an amendment to make certain of its interest.

So within the term, it was within the power of the court to amend its order of dismissal, a power recognized by both parties in the preparation of the form of the later judgment. The Supreme Court has said of costs that "Their allowance to the prevailing party is not, moreover, a rigid rule. Under the Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c] the court can direct otherwise. Rule 54(d)." Fishgold v. Sullivan Corp., 328 U.S. 275, 284, 66 S.Ct. 1105, 1110, 90 L.Ed. 1230, 167 A.L.R. 110. Cf. Truth Seeker Co. v. Durning, 2 Cir., 147 F.2d 54; Shima v. Brown, 78 U.S.App.D.C. 268, 140 F.2d 337. We think by so amending, the judgment entered November 25th is substituted for the order of November 6, 1947, and that the one later entered is the final order in the case.

Appellee relies upon our decisions in Haddock v. Pillsbury, 155 F.2d 820, and Liberty Mutual Ins. Co. v. Pillsbury, 154 F.2d 559. In neither of the opinions in these cases is given consideration of the amendatory substitution of a judgment for costs for one without costs. That this question may have lurked in the records of these cases does not make them here applicable. K. V. O. S. v. Associated Press, 299 U.S. 269, 279, 57 S.Ct. 197, 81 L.Ed. 183; Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411.

The motion to dismiss the appeal is denied.