[Civ. No. 9162.   Third Dist.   Feb. 20, 1958.]

MILTON W. LOCKWOOD et al., Appellants, v. CARL SHEEDY et al., Respondents.

Milton W. Lockwood, in pro. per., for Appellants.

Hughes, Maul & Fogerty for Respondents.

PEEK, J.—Plaintiffs, as trustors under a deed of trust, appeal from a judgment permanently restraining the defendant title company, as trustee, and the defendants Sheedy, as assignees of the beneficiaries, from proceeding under the power of sale contained in said deed of trust insofar as the sale was pursuant to a certain notice of breach and election to sell. The judgment further provided that the injunction was without prejudice to defendants to proceed under a new and different notice, and that each party bear his own costs.

It is first contended by plaintiffs that the court erred in decreeing that the injunction be without prejudice to defendants to proceed under a new and different notice. It is difficult to understand plaintiffs' contention which appears to be that the court should have permanently restrained defendants from selling the property under the power of sale contained in the deed of trust. No contention is made that the promissory note or deed of trust were invalid for any reason. Furthermore the court specifically found that no payments had been made by plaintiffs upon the promissory note for several months prior to the filing of the notice of default. It would therefore follow that the court gave to plaintiffs all the relief to which they were entitled. And since the trustee, by the terms of the instrument, was authorized to sell the property on default in payments called for in the note, the court quite properly entered the restraining order without prejudice.

Plaintiffs' second contention is that the court erred in ordering each party to bear his own costs on the ground that this is an action involving the title or possession of real estate, and hence, by virtue of the provisions of section 1032, subdivision (a), of the Code of Civil Procedure, costs should have been allowed of course upon a judgment in their favor. Plaintiffs have mistaken the nature of their proceeding. The action by them was not one included within the provisions of subdivision (a). A proceeding for an injunction is an action in equity (*Yuba County* v. *North America etc. Min. Co.*, 12 Cal.App. 223 [107 P. 139]), and hence comes within the provisions of subdivision (c) of section 1032. Being a proceeding in equity, the fixing of costs was, by said subdivision (c), lodged wholly within the discretion of the court. (*Speka* v. *Speka*, 124 Cal.App.2d 181 [268 P.2d 129].) Measuring the case presented by the rules above enunciated, we cannot say that the trial court abused its discretion in ordering each party to bear his own costs.

At the time of oral argument plaintiffs moved to augment the record on appeal by the inclusion of the entire record in the trial court. The motion was submitted, to be considered with the appeal. After due deliberation it is our conclusion that such motion is without merit and the same is denied.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied March 12, 1958, and the petition of appellant Milton W. Lockwood for a hearing by the Supreme Court was denied April 16, 1958.

---

*Assigned by Chairman of Judicial Council.