744

MILTON W. LOCKWOOD, Appellant, v. CARL SHEEDY
et al., Respondents.

Milton W. Lockwood, in pro. per., for Appellant.

Hughes, Maul & Fogerty for Respondents.

PEEK, J.—On the same day that judgment was entered in
the case of *Lockwood* v. *Seedy, ante,* page 741 [321 P.2d
862], the defendants Sheedy recorded a second notice of
breach and election to sell under the deed of trust referred to
in that opinion.   On October 25, 1956, plaintiff Milton Lock-
wood instituted a second proceeding for an injunction to re-
strain the sale.   A temporary restraining order was issued
notifying the defendants to appear and show cause why an
injunction pendente lite should not be issued.   At the hearing
on the order to show cause defendants moved to dissolve the
temporary restraining order and abate the action, which mo-
tion was granted.   Thereafter plaintiff appealed from the
order dissolving the restraining order, denying the injunc-

tion pendente lite, and staying this action until determination of the appeal in the previous case.

It is plaintiff's contention that the court erred in dissolving the temporary restraining order in that (1) defendants failed to give notice as required by section 532 of the Code of Civil Procedure, and (2) that there was no basis for defendants' motion.

Such contention is wholly without merit. The restraining order issued at the commencement of the action expired by its own terms at the hearing on the order to show cause. (*Curtiss* v. *Bachman*, 110 Cal. 433 [42 P. 910, 52 Am.St.Rep. 111] ; see also Code Civ. Proc., § 527.)

Plaintiff's further contention is that the trial court erred in denying an injunction pendente lite and in staying his present action pending a final determination in the previous case. The record discloses that plaintiffs' complaint in the prior action alleged fraud and breach of a modification agreement by the defendants. Such allegations were found by the court to be untrue. Additionally the court found to the effect that plaintiffs were in default. Since the present action was based upon the same allegations of fraud and breach of a modification agreement by defendants, we must agree with the conclusion of the trial court that the prior action involved the same parties and the same issues as those presented in the instant proceeding, and the action should be stayed pending a final determination of the prior proceeding.

Here, as in the previous case, plaintiff also moved to augment the record on appeal by the inclusion of the entire record in the trial court. The motion was submitted, to be considered with this appeal. After due deliberation it is our conclusion that here, as in that proceeding, the motion is without merit and the same is denied.

The order is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied March 12, 1958, and appellant's petition for a hearing by the Supreme Court was denied April 16, 1958.

---

*Assigned by Chairman of Judicial Council.