[Civ. No. 42337. First Dist., Div. Two. May 22, 1979.]

ALFRED J. RAPPENECKER, PLaintiff and Respondent, v.
SEA-LAND SERVICE, INC., Defendant and Appellant.

CAROL A. SCHMIDT, as Administratrix, etc.,
Plaintiff and Respondent, v.
SEA-LAND SERVICE, INC., Defendant and Appellant.

**COUNSEL**

Graham & James, Francis L. Tetreault and Eric M. Danoff for Defendant and Appellant.

Jarvis, Miller & Brodsky, Jarvis, Miller, Brodsky & Baskin and Martin J. Jarvis for Plaintiffs and Respondents.

**OPINION**

**KANE, J.**—This is a consolidated appeal by Sea-Land Service, Inc., from orders denying its motion to strike cost bills following a compromise of actions which arose out of the SS *Mayaguez* incident off Cambodia in May 1975. For the purposes of appeal, the parties stipulated to a statement of agreed facts which is set out below.

"Plaintiff Alfred Rappenecker filed a suit for personal injuries against defendant Sea-Land Service, Inc. in the San Francisco Superior Court on July 19, 1975 under Civil No. 691717. Plaintiff Earl C. Gilbert filed a suit for personal injuries against defendant Sea-Land Service, Inc. in the San Francisco Superior Court on September 30, 1975 under Civil No. 695952. (Mr. Gilbert subsequently died and Carol A. Schmidt, Administratrix of his Estate, was substituted as plaintiff on February 25, 1976.) These were two of six personal injury actions filed against Sea-Land Service, Inc. regarding the seizure of the ship SS MAYAGUEZ on May 12, 1975 by Cambodians in the Gulf of Thailand. All six plaintiffs claimed general, special, and punitive damages. In each of the six cases plaintiff was represented by the firm Jarvis, Miller & Brodsky, Inc. and defendant was represented by the firm Graham & James. These six cases were consolidated for trial on November 17, 1975. The consolidation Order stated as follows:

" 'The Motion of plaintiffs for the Order hereinafter made came on regularly for hearing on November 14, 1975. Eric Danoff, Esq. of Graham & James appeared as attorney for defendant and there was no

appearance for plaintiffs. Upon the concurrence of the parties that the above captioned cases should be consolidated for trial, and good cause appearing therefore:

" 'IT IS HEREBY ORDERED that, the actions under Civil Nos. 691-717, 691-718, 691-719, 691-720, 691-721, and 695-952 be consolidated for trial. Pretrial proceedings pertaining to one or more of the above captioned cases but not to all of them shall be filed under the relevant present Action No.(s). Pretrial proceedings pertaining in common to all of the above captioned cases shall be filed under Action No. 691-717.'

"Discovery in most respects was done once but applied to each of the six actions. For instance, depositions were taken once and were applicable to each of the six cases. The captions generally referred to the Rappenecker case and then by number to the other five consolidated actions. Discovery of documentary evidence regarding liability issues, and some damages issues, was applicable to all six cases, but this was not true of records pertaining to individual damage claims (such as medical records or earnings records).

"Trial of the six cases was subsequently scheduled to begin on May 23, 1977. On May 12, 1977 defendant by letter to plaintiffs' attorney offered under CCP § 998 to have compromise judgment taken against it by plaintiff Rappenecker in the amount $85,000 and by plaintiff Schmidt in the amount $48,000. The offers read:

" 'Pursuant to Code of Civil Procedure Section 998, defendant Sea-Land Service, Inc. hereby offers to allow judgment to be taken by each of the plaintiffs individually in full compromise settlement of his claims regarding his service aboard the SS MAYAGUEZ for the following amounts respectively: . . . Rappenecker $85,000. Gilbert $48,000.'

"Plaintiffs Rappenecker and Schmidt accepted these offers on May 13, 1977, by delivering to the Court a Notice of Acceptance attaching the offer letter. CCP § 998 offers had been made to the other four plaintiffs by the same letter on May 12, 1977, but were not accepted. Separate judgments pursuant to CCP § 998(b) were then entered for the Rappenecker and Schmidt cases on May 20, 1977. On May 24, 1977, the other four consolidated cases were settled in the chambers of the trial judge.

"On or about May 27, 1977, plaintiff Schmidt filed a Memorandum of Costs and Disbursements in the amount of $109.18. On or about 26 May

1977, plaintiff Rappenecker filed a Memorandum of Costs and Disbursements in the amount $6632.23. Defendant then filed a Notice of Motion to Strike Cost Bill in each case. Plaintiff filed an opposing Memorandum of Points and Authorities, and Declaration, in each case. A hearing on the Motions was held before the judge of the Law and Motion Department of the Superior Court. The court denied defendant's Motions by Orders dated June 20, 1977."[1]

On July 20, 1977, defendant Sea-Land Service, Inc., filed timely notice of appeal from the orders denying its motion to strike the cost bill in each case.

On appeal, Sea-Land contends that plaintiffs are not entitled to costs following their unqualified acceptance before trial of its Code of Civil Procedure section 998 offer for compromise settlement which stated that the sums offered were in "full compromise settlement" of plaintiffs' claims; that plaintiff Rappenecker's claimed costs should be reduced by five-sixths because they include costs incurred jointly for six actions consolidated for trial; and that certain cost items claimed by plaintiff Rappenecker are not properly recoverable.

■ The adverse party may challenge the entire cost bill on the ground that the judgment does not call for a cost award by a motion to strike the cost bill from the files. (*LeCyr* v. *Dow* (1938) 26 Cal.App.2d 459, 460 [79 P.2d 777]; *Markart* v. *Zeimer* (1925) 74 Cal.App. 152, 156 [239 P. 856].) The order is appealable as an order made after judgment. (Code Civ. Proc., § 904.1, subd. (b); *Westerholm* v. *20th Century Ins. Co.* (1976) 58 Cal.App.3d 628, 635 [130 Cal.Rptr. 164]; *McLellan* v. *McLellan* (1972) 23 Cal.App.3d 343, 352 [100 Cal.Rptr. 258].)

We turn then to an examination of the statutory provisions of concern in the instant matter.

Code of Civil Procedure section 1032 provides in pertinent part: "In the superior court, except as otherwise expressly provided, costs are allowed of course:

"(a) To plaintiff upon a judgment in his favor: . . . in an action for the recovery of . . . damages; . . ."

---

[1]The order denying motion to strike cost bill in action No. 695952, Schmidt, as administratrix of the estate of Gilbert, deceased, is actually dated June 16, 1977, and it was filed June 17, 1977.

Code of Civil Procedure section 998 provides in pertinent part:

"(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section.

"(b) Not less than 10 days prior to commencement of the trial as defined in subdivision 1 of Section 581, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly. If such offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial.

". . . . . . . . . . . . . . . . . .

"(e) . . . Any judgment entered pursuant to this section shall be deemed to be a compromise settlement."

Code of Civil Procedure section 1033 provides in pertinent part: "In superior courts . . . the party in whose favor the judgment is ordered, and who claims his costs, must serve upon the adverse party, and file at any time after the verdict or decision of the court, and not later than 10 days after the entry of the judgment, a memorandum of the items of his costs and necessary disbursements in the action or proceeding, . . . A party dissatisfied with the costs claimed may, within 10 days after the service of a copy of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."

Defendant Sea-Land asserts that "[a] compromise settlement, of course, does not entail costs unless the parties affirmatively agree to it because compromise settlements are contracts." Defendant contends that "by specifically terming any judgment under CCP § 998 to be a 'compromise settlement,' the legislature clearly evinced an intention that this kind of 'judgment' is not like a 'judgment' after trial, and that the contractual rules of settlement apply: no costs are allowed unless so agreed by the parties." It cites no authority for its proposition, however. In the acceptance of Code of Civil Procedure section 998 offer to compromise pending action filed with the trial court, plaintiffs requested "in accordance with said offer and § 998(b) of the Code of Civil

Procedure, that the Clerk or a Judge of this Court make and enter judgment forthwith in favor of [plaintiffs] and against [defendant]." A clerk's judgment was subsequently entered. Clearly, the clerk's judgment was a stipulated or consent judgment, and it has been reiterated by the appellate courts of this jurisdiction that a stipulation or consent judgment, being regarded as a contract between the parties, must be construed as any other contract. (*Stevens* v. *Stevens* (1968) 268 Cal.App.2d 426, 435 [74 Cal.Rptr. 54]; *Cottom* v. *Bennett* (1963) 214 Cal.App.2d 709, 716 [29 Cal.Rptr. 715]; *Yarus* v. *Yarus* (1960) 178 Cal.App.2d 190, 197 [3 Cal.Rptr. 50].) Defendant cites us to no authority which states that in the absence of specific language contained in the contract which provides for costs in the event of suit, the prevailing party cannot recover costs. Clearly section 1032 provides for the recovery of costs in some contract actions since it allows costs to a plaintiff upon a judgment in his favor in an action for the recovery of money (Code Civ. Proc., § 1032, subd. (a)), and "[i]n other actions than those mentioned in this section costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court." (Code Civ. Proc., § 1032, subd. (c).) Plaintiffs are not precluded from recovering their costs because a compromise settlement is construed as a contract.

■ Second, the analogy has been made that for the purpose of a motion to vacate, a consent judgment is no different than any other judgment. (*Stevens* v. *Stevens, supra,* 268 Cal.App.2d at pp. 435-436.) Thus, one should not read into the statute allowing costs a restriction which has not been placed there. "In general, a court should not look beyond the plain meaning of a statute when its language is clear and unambiguous, and there is no uncertainty or doubt as to the legislative intent. (*Wallace* v. *Department of Motor Vehicles* (1970) 12 Cal.App.3d 356, 360 [90 Cal.Rptr. 657].)" (*Teachers Management & Inv. Corp.* v. *City of Santa Cruz* (1976) 64 Cal.App.3d 438, 446 [134 Cal.Rptr. 523].) Defendant has failed to provide any persuasive showing of legislative intent to exclude costs in compromise settlements.

■ Third, "a judgment based on a stipulation of the parties 'is binding only as to the matter consented to by the stipulation' (*Laguna Drainage Dist.* v. *Charles Martin Co.* (1907) 5 Cal.App. 166, 171 [89 P. 993]), is confined only to issues within the stipulation (*Emerson* v. *Yosemite Gold Min. etc. Co.* (1906) 149 Cal. 50, 56, 58 [85 P. 122], affd. *sub nom., Yosemite Mining Co.* v. *Emerson* (1908) 208 U.S. 25 [52 L.Ed. 374, 28 S.Ct. 196]), and does not cover matters not in the stipulation (*Palace Hotel Co.* v. *Crist* (1935) 6 Cal.App.2d 690, 694 [45 P.2d 415])." (*Larsen* v.

*Beekmann* (1969) 276 Cal.App.2d 185, 191 [80 Cal.Rptr. 654], hg. den.) Here the offer was made "in full compromise settlement of his claims regarding his service aboard the SS MAYAGUEZ. . . ." Costs of suit do not fall within such service. ■ "Costs are allowances which are authorized to reimburse the successful party to an action or proceeding and are in the nature of incidental damages to indemnify a party against the expense of successfully asserting his rights." (*Purdy* v. *Johnson* (1929) 100 Cal.App. 416, 418 [280 P. 181].) By its failure to draft with precision its compromise offer, defendant cannot now be heard to claim that its language precludes the award of costs.

■ We turn then to defendant's contention that plaintiff Rappenecker's costs should be reduced by five-sixths because his action and five other actions were consolidated for trial. In each of the six actions, a separate complaint was filed, a separate judgment was entered, and the actions remained distinct in form and disposition although, as pointed out in the statement of agreed facts, "[d]iscovery in most respects was done once but applied to each of the six actions. For instance, depositions were taken once and were applicable to each of the six cases. . . . Discovery of documentary evidence regarding liability issues, and some damage issues, was applicable to all six cases, but this was not true of records pertaining to individual damage claims (such as medical records or earnings records)."

Plaintiff Rappenecker, on the other hand, claims his costs as of right pursuant to section 1032, subdivision (a), *supra.* This section does not provide for apportionment of costs in the discretion of the court. (See Code Civ. Proc., § 1032, subd. (c).)

In *Hyatt* v. *Sierra Boat Co.* (1978) 79 Cal.App.3d 325 [145 Cal.Rptr. 47], defendant sought to convince the court to apportion costs according to comparative fault. At pages 348-349, the court stated:

"Cost apportionment is currently permitted in a number of situations. It has long been the rule, for example, that 'in an equity suit the costs may be apportioned by the court.' (*Cerf* v. *Ashley* (1886) 68 Cal. 419, 421 [9 P. 658]; see *Wheeler* v. *First National Bank* (1937) 10 Cal.2d 185, 190 [73 P.2d 889].) Moreover Code of Civil Procedure section 1032, subdivision (c) expressly grants the court discretion, inter alia, to apportion costs between the parties in actions not specifically enumerated in subdivisions (a) and (b). (*Hillman* v. *Stults* (1968) 263 Cal.App.2d 848, 881-882 [70 Cal.Rptr. 295]; *ABC Egg Ranch* v. *Abdelnour* (1963) 223 Cal.App.2d 12,

19 [35 Cal.Rptr. 487]; *Lockwood* v. *Sheedy* (1958) 157 Cal.App.2d 741, 742 [321 P.2d 862].) Such actions include marital litigation, interpleader and condemnation suits. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 96, p. 3253.) It is also instructive to note that Federal Rules of Civil Procedure, rule 54(d) (which provides for the allowance of costs) has been interpreted to vest 'in the district court a sound discretion over the allowance, disallowance, *or apportionment of costs* in all civil actions . . . .' (6 Moore's Federal Practice (1972) ¶ 54.70[5], p. 1312; italics added; see also *Alameda* v. *Paraffine Companies, Inc.* (9th Cir. 1948) 169 F.2d 408, 409.)

"In spite of defendant's persuasive argument that costs now be allowed only to the extent the judgment is 'in favor' of the party claiming them, this court is not a 'policy making' body and is therefore required to follow existing statutory and case law."

The opinion by Division One of this court concludes: "We see no reason based on law, logic or policy to tamper or modify in any way this right to costs." (*Hyatt* v. *Sierra Boat Co., supra,* 79 Cal.App.3d at p. 350.) Our Supreme Court denied hearing.

In *Fields* v. *Napa Milling Co.* (1958) 164 Cal.App.2d 442 [330 P.2d 459, 68 A.L.R.2d 1052], this court stated at pages 448-449: "While it would seem that there is no authority in California as to the effect of joinder on the allowance of costs, it has been stated that the consolidation of actions would not have the effect of depriving a plaintiff, in the event of a judgment in his favor, of the right to recover legal costs as to which his right had accrued." (See also *City of Downey* v. *Gonzales* (1968) 262 Cal.App.2d 563, 568 [69 Cal.Rptr. 34]; *Avalos* v. *Welty* (1965) 237 Cal.App.2d 545, 547 [47 Cal.Rptr. 447], hg. den.; *Lichtenauer* v. *Dorstewitz* (1962) 200 Cal.App.2d 777, 779 [19 Cal.Rptr. 654].) We conclude that plaintiff Rappenecker is correct when he states: "The consolidation of actions for trial does not have the effect of depriving a plaintiff, in the event of a judgment in his favor, of the right to recover his full statutory costs necessary to prosecute his action regardless of whether some other plaintiff in a related but separate action may derive an incidental benefit from some of the costs incurred by the plaintiff in this action." Where, as here, defendant has not been charged more than once for the expenses of discovery, it should not be heard to complain, and plaintiff Rappenecker is not to be denied recovery of his full costs because six actions were consolidated for discovery and trial.

■ We turn then to defendant's final contention that certain costs were included improperly in an attempt to circumvent the settlement agreement in the other four cases that the parties in those cases were to bear their own costs. If the items on a verified cost bill appear proper charges, they are prima facie evidence that the costs, expenses and services therein listed were necessarily incurred. (*Melnyk* v. *Robledo* (1976) 64 Cal.App.3d 618, 624 [134 Cal.Rptr. 602], hg. den.; *Decoto School Dist.* v. *M. & S. Tile Co.* (1964) 225 Cal.App.2d 310, 316-317 [37 Cal.Rptr. 225]; *Oak Grove School Dist.* v. *City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 698 [32 Cal.Rptr. 288].) Where the items are properly objected to, they are put in issue, and the burden of proof is upon the party claiming them as costs. (*Oak Grove School Dist.* v. *City Title Ins. Co., supra*, at p. 698.) The normal procedure to challenge individual items is by a motion to tax costs. (Code Civ. Proc., § 1033.) Defendant's mere statements in the points and authorities accompanying its notice of motion to strike cost bill and the declaration of its counsel are insufficient to rebut the prima facie showing. Since this appeal is before this court on an agreed statement, and there is no record before this court of any competent evidence, oral or written, presented at hearing (*Oak Grove School Dist.* v. *City Title Ins. Co., supra*, at p. 698), we are bound by the principle that "[a] judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error. [Citations.]" (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, p. 4225.)

The orders denying the motions to strike the cost bills are affirmed.

Taylor, P. J., and Rouse, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 1, 1979.