Filed 11/30/23  Scenic Enterprise v. SFI McCabe CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCENIC ENTERPRISE, LLC et al., | |
| Plaintiffs and Appellants, | G062253 |
| v. | (Super. Ct. No. 30-2020-01163838) |
| SFI McCABE, LLC et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.

Watt, Tieder, Hoffar & Fitzgerald, Jane G. Kearl and Colin C. Holley for Plaintiffs and Appellants.

Fingal, Fahrney & Clark and Christopher R. Clark for Defendants and Respondents.

MLink Enterprise, LLC, Scenic Enterprise, LLC, and McCabe Group, LLC (collectively, Buyers) sued SFI McCabe, LLC, and others (collectively, SFI), in connection with a commercial real estate transaction. The trial court ultimately entered judgment for SFI. In a separate decision filed contemporaneously with this opinion, we affirmed the judgment. (*Scenic Enterprise, LLC v. SFI McCabe, LLC* (Nov. 30, 2023, G061884) [nonpub. opn.].)

Following the judgment, the trial court awarded SFI about $370,000 in attorney fees based on the parties' contract. It also awarded about $27,000 in expert witness fees under Code of Civil Procedure section 998 for fees incurred after Buyers failed to accept a compromise offer under that provision.[1] Buyers challenge the amount of attorney fees awarded, claiming the court was bound to reduce the requested amount due to SFI's inadequate billing records. They also challenge the award of expert witness fees, claiming SFI had not shown the requested fees were reasonable and necessary for purposes of section 998. Seeing no abuse of the court's discretion, we affirm.

FACTS

I. *The Parties' Transaction and Buyers' Action*

In October 2019, SFI and MLink signed a contract for SFI to sell MLink commercial property. The contract provided that if a dispute arose about its terms, the prevailing party would be entitled to attorney fees. MLink later assigned its rights under the contract to McCabe Group and Scenic, and the latter two companies completed the transaction.

A dispute arose between the parties, and Buyers filed a lawsuit against SFI, asserting claims for, inter alia, fraudulent concealment, intentional and negligent misrepresentation, and breach of contract. Before the case went to trial, SFI served on Buyers a statutory offer to compromise under section 998, offering them about $100,000

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

to resolve the case.[2]  Buyers did not accept, and the matter proceeded to trial.  Following trial and posttrial motions, SFI prevailed.  In an opinion filed contemporaneously with this decision, we affirmed the judgment.  (*Scenic Enterprise, LLC v. SFI McCabe, LLC*, *supra*, G061884.)

II.  *SFI's Requests for Attorney and Expert Witness Fees*

In October 2022, SFI moved for about $400,000 in attorney fees under the parties' contract and filed a memorandum of costs seeking about $27,000 in post offer expert witness fees under section 998.  In support of its request for attorney fees, SFI submitted its attorneys' billing statements, which utilized block billing, a time-keeping method in which "a block of time [is assigned] to multiple tasks."  (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1010.)  In support of its request for expert fees, SFI submitted billing statements from the experts.  As relevant here, civil engineering expert Darrell Knudson, whom Buyers had deposed, billed for 27.5 hours of work he performed for SFI after Buyers failed to accept SFI's section 998 offer.  Knudson's time entries stated he had performed "File Review."

Buyers opposed SFI's motion for attorney fees and moved to strike or tax costs.  They claimed the requested amount of attorney fees was unreasonably high and inadequately supported.  Among other things, they contended the trial court should reduce the number of compensable hours based on SFI's attorneys' block billing.  As for the expert fees, Buyers asserted SFI had not shown its experts billing was reasonable and necessary.

At a hearing on SFI's requests for attorney and expert fees, the parties argued their respective positions.  As relevant here, in discussing attorney fees, Buyers

---

[2]  As discussed in more detail below, when a plaintiff does not accept a compromise offer under section 998 but fails to obtain a more favorable judgment, the trial court has discretion to require the plaintiff to pay the defendant's reasonable post offer costs of the services of expert witnesses.  (§ 998, subd. (c)(1).)

3

counsel stated: "And I understand California case law says that block billing isn't necessarily something you have to ding in terms of a discount. But you certainly have the discretion to do that, and I think the extent to which it was done in this case warrant a percentage discount of the hours sought."

The trial court subsequently granted SFI's motion for attorney fees, awarding it about $370,000, declining to reduce the hours billed (but including a rate reduction not pertinent here). The court denied Buyers' motion to strike the expert fees and exercised its discretion to award the requested expert witness fees under section 998. Buyers appealed, challenging both the expert fee award and the amount of attorney fees awarded.

## DISCUSSION

### I. *Attorney Fees*

Buyers challenge the amount of the trial court's attorney fee award, asserting the court was required to reduce the requested fees due to block billing. As discussed below, we find no ground to intervene in the court's award.

We review the trial court's award of attorney fees for abuse of discretion. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.) The trial judge is considered the best assessor of the value of professional services in his or her court. (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 148.) Thus, the court's decision will not be disturbed unless it is clearly wrong or violates applicable legal principles. (*Ibid.*)

"In California, an attorney need not submit contemporaneous time records in order to recover attorney fees. . . . Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. [Citations.]" (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.) As for block billing, courts have explained that it is "not objectionable 'per se.'" (*Jaramillo v. County of Orange* (2011) 200 Cal.App.4th 811,

4

830; accord, *Minser v. Collect Access, LLC* (2023) 92 Cal.App.5th 781, 797.) Block billing may increase the risk that the trial court will exercise its discretion to discount a fee request, particularly where the practice makes it hard to separate work that qualifies for compensation from work that does not. (*Jaramillo*, at p. 830.) But generally, the court will be "in a position to determine whether the tasks described in each [billing] statement reasonably required the total amount of time billed" and is not required to penalize block billing. (*Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, 103.)

The trial court acted within its discretion in declining to reduce the requested attorney fees for block billing. Counsel's fee request did not require the court to distinguish between compensable and non-compensable work (cf. *Jaramillo v. County of Orange*, *supra*, 200 Cal.App.4th at p. 830), and the court was in the best position to assess the reasonableness of the hours billed based on the tasks described in the billing statements (see *Nightingale v. Hyundai Motor America*, *supra*, 31 Cal.App.4th at p. 103). Buyers cite no authority—and we are aware of none—requiring a trial court to reduce requested fees simply because the prevailing party's counsel used block billing. Indeed, Buyers' counsel conceded below that "California case law says that block billing isn't necessarily something you have to ding in terms of a discount." The court did not abuse its discretion by failing to reduce the bills due to block billing.

II. *Expert Fees*

Buyers claim the trial court abused its discretion by awarding SFI expert witness fees under section 998 because the experts' billing statements were inadequate to assess their reasonableness. Here, too, we see no abuse of discretion.

Under section 998, "any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (§ 998, subd. (b).) "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable

5

judgment," the plaintiff must "pay the defendant's costs from the time of the offer," and the court has discretion to "require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses . . . actually incurred and reasonably necessary in . . . preparation for trial."  (§ 998, subd. (c)(1).)

"[T]he decision to award expert witness fees, and the determination of whether these fees were reasonably necessary, are issues left to the discretion of the trial court." (*Adams v. Ford Motor Co.* (2011) 199 Cal.App.4th 1475, 1484.)  "[T]he trial court, having heard the entire case, is in the best position to evaluate the importance of expert witnesses at trial, and therefore is in the best position to evaluate the reasonableness of the expert witness fees listed in the memorandum of costs.  [Citation.]" (*Id.* at p. 1487.)  "The trial court is charged with ensuring that parties are not charged more than a reasonable fee and must oftentimes work with less than perfect billing records." (*Michelson v. Camp* (1999) 72 Cal.App.4th 955, 976 (*Michelson*).)

"If items on a memorandum of costs appear to be proper charges on their face, those items are prima facie evidence that the costs, expenses, and services are proper and necessarily incurred.  [Citations.]  The burden then shifts to the objecting party to show them to be unnecessary or unreasonable.  [Citation.]" (*Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675, 693.)  "[M]ere statements" in a motion to strike and accompanying declaration "are insufficient to rebut the prima facie showing." (*Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 266.)

SFI's request for expert witness fees, supported by the experts' billing statements, contained nothing facially improper.  It was therefore Buyers' burden to show that the requested fees were unnecessary or unreasonable. (*Doe v. Los Angeles County Dept. of Children & Family Services*, *supra*, 37 Cal.App.5th at p. 693.)

Buyers complain that SFI's evidence "did not show that the amount of time each expert spent to prepare for trial and testify was reasonable."  They provide only one

6

example, pointing to Knudson's billing for 27.5 hours based on time entries that stated only, "File Review."[3]  Although Knudson's level of detail may not have been ideal, as noted, the trial court will often work with "less than perfect billing records."  (*Michelson*, *supra*, 72 Cal.App.4th at p. 976.)  Having presided over the trial, the court was in the best position to assess the need for experts' preparations.  (*Adams v. Ford Motor Co.*, *supra*, 199 Cal.App.4th at p. 1484.)  Buyers deposed Knudson and were thus familiar with his work and could have attempted to show that it did not justify the hours he billed.  (*Michelson*, *supra*, 72 Cal.App.4th at p. 976 [no abuse of discretion where appellants were free to attempt to show hours billed by expert were excessive for tasks performed, but they did not do so].)  Accordingly, the court did not abuse its discretion.

DISPOSITION

The trial court's postjudgment order is affirmed.  Respondents shall recover their costs on appeal.

O'LEARY, P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.

---

[3]     Buyers have forfeited any challenge to other expert witnesses' fees by failing to address them in their appellate briefs.  (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545 ["We are not required to search the record to ascertain whether it contains support for [appellant's] contentions"]; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 ["We will not develop the appellants' arguments for them"].)