Filed 1/11/24; Certified for Publication 2/5/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMANDA NEEBLE-DIAMOND,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>HOTEL CALIFORNIA BY THE SEA, LLC,<br><br>    Defendant and Respondent. | G061425<br><br>(Super. Ct. No. 30-2019-01058756)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Deborah C. Servino, Judge. Reversed.

Employee Justice Legal Group, Kaveh S. Elihu, and Samuel J. Moorhead for Plaintiff and Appellant.

Buchalter, Joshua M. Robbins, and Adam Sechooler for Defendant and Respondent.

\*        \*        \*

Amanda Neeble-Diamond appeals from an order awarding costs in excess of $180,000 to prevailing defendant Hotel California By the Sea (Hotel California).  She argues the award must be reversed because her complaint alleged causes of action based on the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et. seq.), and the court cannot award costs to a defendant unless it makes a finding that the FEHA claims were objectively frivolous.  We agree and therefore reverse the order.

Hotel California argues Neeble-Diamond forfeited her argument by failing to file a timely motion to tax costs.  We disagree.  While the prevailing defendant in an ordinary civil case is entitled to an award of statutory costs as a matter of right—and the filing of a cost memorandum is the proper means of securing a cost award in such cases—a different rule applies to a defendant in a FEHA case:  the court has discretion to make such an award, but it must first make a finding that the plaintiff's FEHA claims are frivolous.

Here, Hotel California recognized it needed to file a noticed motion asking the court to award it discretionary attorney fees, but it made no similar motion to obtain an award of discretionary costs.  Instead, Hotel California filed a cost memorandum, which operated as a request for the court clerk to enter a mandatory cost award and provided no opportunity for the court to exercise its discretion.  The cost memorandum was an ineffective means of requesting a discretionary award of costs, and Neeble-Diamond was under no obligation respond to it.  Since Hotel California failed to file a noticed motion requesting a discretionary cost award, the trial court erred when it ordered that costs be added to the judgment.

2

## FACTS

Neeble-Diamond's lawsuit against Hotel California stated both statutory and nonstatutory causes of action arising out of her alleged status as an employee of Hotel California. The trial court entered judgment in favor of Hotel California after a jury concluded Neeble-Diamond was an independent contractor, rather than an employee. The judgment provided "[c]osts to be determined pursuant to any timely-filed memorandum and/or motions."

Hotel California then filed a cost memorandum as well as a separate motion seeking an award of attorney fees. Neeble-Diamond opposed the motion for attorney fees, but filed no motion to tax costs until after she was served with a proposed amended judgment which included the costs.

The trial court denied the motion for attorney fees, explaining that as a prevailing defendant in a case seeking recovery under FEHA, Hotel California was entitled to attorney fees only if Neeble-Diamond's FEHA claims were objectively frivolous, and it had made no such showing in its moving papers. In its ruling, the court noted the same rule applied to both attorney fee and cost awards in a FEHA case, citing *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th, 97, 115 (*Williams*) ["[a] prevailing *defendant* . . . should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so"].

Neeble-Diamond attempted to file an untimely motion to tax costs, claiming her failure to have done so earlier was the result of excusable attorney error. The trial court denied relief from the late filing, concluding the attorney neglect was not excusable, and denied the motion to tax costs as untimely. The court then signed an "amended judgment" that included an award of $180,369.41 in costs to Hotel California.

3

**DISCUSSION**

1. *Cost Awards*

As a general rule, the prevailing party in a lawsuit is entitled to recover allowable costs. (Code Civ. Proc., § 1032, subd. (b) ["[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding"].)[1] Section 1033.5 specifies the items that are "allowable as costs under Section 1032." (§ 1033.5, subd. (a).)

The established procedure for recovering the costs allowed under section 1032 is to file a cost memorandum, supported by a verified statement of counsel. (§ 1034, subd. (a) ["[p]rejudgment costs allowable under this chapter shall be claimed and contested in accordance with rules adopted by the Judicial Council"]; California Rules of Court, rule 3.1700(a)(1) (rule 3.1700).)[2] In such cases, "If the items on a verified cost bill appear proper charges, they are prima facie evidence that the costs, expenses and services therein listed were necessarily incurred," and "[t]he normal procedure to challenge individual items is by a motion to tax costs." (*Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 266.) If no timely motion to tax costs is filed, the court has no involvement with the cost award. Instead, rule 3.1700(b)(4) states "the clerk must immediately enter the costs on the judgment."

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[2] Sections 1032-1034 are contained within Chapter 6 ("Of Costs") of Title 14 ("Of Miscellaneous Provisions") of Part 2 of the Code of Civil Procedure. That Chapter spans sections 1021-1038.

2. *Cost Award to a Defendant in a FEHA Case*

A different rule, however, applies in FEHA cases.

In *Williams*, our Supreme Court held that Government Code section 12965, subdivision (b), "governs cost awards in FEHA actions, allowing trial courts discretion in awards of both attorney fees and costs to prevailing FEHA parties." (*Williams, supra*, 61 Cal.4th at p. 99.)

The *Williams* court explained that Government Code section 12965, subdivision (b), "is an express exception to Code of Civil Procedure section 1032[, subdivision ](b). Government Code section 12965[, subdivision ](b), rather than being silent as to either party's recovery of costs, expressly states that both parties are allowed costs in the trial court's discretion, a standard expressly differing from the entitlement to costs provided under Code of Civil Procedure section 1032[, subdivision ](b)." (*Williams, supra*, 61 Cal.4th at p. 105.)

In *Williams*, the court explained "that in awarding attorney fees and costs, the trial court's discretion is bounded by the rule of *Christiansburg* [*Garment Co. v. EEOC* (1978) 434 U.S. 412]" (*Williams, supra,* 61 Cal.4th at p. 99);[3] thus, "an unsuccessful FEHA plaintiff should not be ordered to pay the defendant's fees or costs unless the plaintiff brought or continued litigating the action without an objective basis for believing it had potential merit" (*Williams, supra*, at p. 99-100).

Government Code section 12965, subdivision (c)(6), codifies the *Williams* rule: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees, except that, notwithstanding Section 998 of the Code of

_____

[3] *Christiansburg Garment Co v. EEOC, supra*, 434 U.S. 412, is "the rule applicable to attorney fee awards in certain federal civil rights actions." (*Williams, supra*, 61 Cal.4th at p. 99.)

Civil Procedure, a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so."

Thus, when the defense prevails in a FEHA action, it has no automatic right to recover costs under section 1032; instead, it must move the court to make a discretionary award of such costs, based in part on a specific finding that the action was frivolous.

3.      *Hotel California's Request for Costs*

Hotel California filed a noticed motion seeking an award of attorney fees in this case. In denying that motion, the trial court explained Neeble-Diamond had correctly pointed out Government Code section 12965 governed such an award because the complaint alleged FEHA causes of action, and Hotel California had failed to make the showing required by that statute.

But despite the fact that "the language and history of Government Code section 12965[, subdivision ](b), persuade us the Legislature intended a trial court's discretion to be exercised in the same manner for costs as for attorney fees" (*Williams, supra*, 61 Cal.4th at p. 114), Hotel California made no motion for an award of discretionary costs. Instead, it filed a cost memorandum that amounts to a request for the clerk to award the costs a prevailing party would be entitled to as a matter of right under section 1032.

The clerk has no authority to exercise discretion in awarding costs, let alone to make the frivolousness finding required by section 12965; the cost memorandum was therefore an ineffective means of seeking costs in this FEHA case. This same conclusion was drawn in *Anthony v. City of Los Angeles* (2008) 166 Cal.App.4th 1011, 1015-1016 (*Anthony*). In *Anthony*, the court concluded the appellant was not required to file a timely cost memorandum to preserve its right to seek expert costs that were not recoverable as a

6

matter of right under Code of Civil Procedure section 1032. As the court pointed out, the cost memorandum applies only to "cost items to which a party is entitled 'as a matter of right'" (*Anthony,* at p. 1015), because "rule 3.1700, . . . requires the clerk of the court to 'immediately enter the costs on the judgment' if the opposing party does not move to strike or tax costs. [Citation.] By contrast, costs such as expert witness fees not ordered by the court, or attorney fees that require a court determination, may not be 'immediately enter[ed]' by the clerk, and instead necessitate a decision by the trial court, exercising its discretion. In short, there would be no point in requiring a party to include in its memorandum of costs those cost items which are awarded in the discretion of the court and thus *cannot* be entered by the clerk of the court under rule 3.1700" (*Anthony,* at pp. 1015-1016). We agree.

Because Hotel California failed to file the necessary motion for costs, as it had for attorney fees, it forfeited any such claim and Neeble-Diamond had no obligation to respond to its ineffective cost memorandum. We consequently conclude the court erred by signing an "amended judgment" that included an award of $180,369.41 in costs to Hotel California.

## DISPOSITION

The postjudgment order awarding costs to Hotel California, styled as an "amended judgment," is reversed.  Neeble-Diamond is entitled to her costs on appeal.


GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.

Filed 2/5/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMANDA NEEBLE-DIAMOND, | |
|    Plaintiff and Appellant, | G061425 |
|      v. | (Super. Ct. No. 30-2019-01058756) |
| HOTEL CALIFORNIA BY THE SEA, LLC, | O R D E R |
|    Defendant and Respondent. | |

        Appellant has requested that our opinion filed on January 11, 2024, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

        The opinion is ordered published in the Official Reports.


                                GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.