[No. D020895. Fourth Dist., Div. One. July 22, 1996.]

CRIB RETAINING WALLS, INC., Cross-complainant and Respondent, v. NBS/LOWRY, INC., Cross-defendant and Appellant.

**COUNSEL**

Davis, Samuelson, Blakely & Goldberg, Mitchell Samuelson and Lisa L. Phillips for Cross-defendant and Appellant.

No appearance for Cross-complainant and Respondent.

**OPINION**

**McDONALD, J.—**

### FACTS AND PROCEDURAL HISTORY

Plaintiffs filed a construction defect lawsuit naming respondent Crib Retaining Walls, Inc. (Crib), among others, as a defendant. Crib cross-complained against appellant NBS/Lowry, Inc. (NBS) seeking equitable indemnity and contribution. The plaintiffs then filed an amended complaint naming NBS as an additional defendant.

Discovery proceedings demonstrated that the claims of plaintiffs and Crib against NBS were meritless.[1] Accordingly, NBS made a Code of Civil Procedure[2] section 998 offer to plaintiffs and Crib to compromise their claims. The offer proposed that NBS would waive its right to costs in exchange for a dismissal of all actions and cross-actions against it. Plaintiffs accepted the offer to compromise but Crib did not. NBS then sought and obtained under section 877.6 an order approving the NBS settlement with the plaintiffs as a "good faith settlement." NBS also obtained an order dismissing Crib's cross-complaint against NBS.[3]

NBS filed its cost bill against Crib for $9,233.89. Crib moved to tax costs, arguing (1) the cost bill was premature because no judgment had been entered dismissing Crib's cross-complaint, and (2) a court has discretion to refuse to grant "prevailing party" status to a party receiving a dismissal as part of a negotiated settlement.

The trial court concluded, based on "balancing the equities," that NBS was barred from collecting its costs, and it granted the motion to tax costs in its entirety. The order of the trial court stated: "Motion granted; to engraft the provisions of [Code of Civil Procedure section] 1032 (a)(4) into the scenario of a good faith settlement would be to inject a discordant note into a procedure clearly designed to promote resolution by compromise versus contested litigation."

## DISCUSSION

The issue on appeal is whether NBS is entitled to collect its costs from Crib following the dismissal of the cross-complaint filed by Crib against NBS. The right to recover costs is wholly dependent on statute. (*La Mesa-Spring Valley School Dist.* v. *Otsuka* (1962) 57 Cal.2d 309, 312 [19 Cal.Rptr. 479, 369 P.2d 7].) Section 1032, subdivision (b) provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or

[1]Crib did not file a respondent's brief, and we are without the benefit of its factual summary and response to NBS's brief. California Rules of Court, rule 14(a) states: "Every respondent shall file a respondent's brief . . . ." California Rules of Court, rule 17(b) provides that if the respondent fails to file a respondent's brief, we "may accept as true the statement of facts in the appellant's opening brief . . . ."

[2]All further references are to the Code of Civil Procedure unless otherwise specified.

[3]The effect of the order approving NBS's settlement with the plaintiffs as a good faith settlement pursuant to section 877.6 is to bar further actions for indemnity as was sought by Crib's cross-complaint. Because of this bar, NBS properly obtained an order dismissing Crib's cross-complaint against NBS. (*Greshko* v. *County of Los Angeles* (1987) 194 Cal.App.3d 822, 830 [239 Cal.Rptr. 846].)

proceeding." Section 1032, subdivision (a)(4) defines a "prevailing party" to include a party "in whose favor a dismissal is entered." Here NBS is a party "in whose favor a dismissal is entered": Crib's cross-complaint against NBS was dismissed following the order approving the plaintiffs' settlement with NBS as a "good faith settlement." (Cf. *Adler* v. *Vaicius* (1993) 21 Cal.App.4th 1770, 1776-1777 [27 Cal.Rptr.2d 32] [voluntary dismissal of defendant entitled defendant to "prevailing party" status].) Accordingly, NBS is entitled to costs as a matter of right under section 1032 unless another statute otherwise provides.

We have not been cited, nor has our independent research uncovered, any statute or other authority that grants a trial court discretion to deny costs otherwise recoverable under section 1032[4] to a "prevailing party" because the dismissal was the result of a section 877.6 order approving a good faith settlement. Analogous case law supports the award of costs. In *Rappenecker* v. *Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256 [155 Cal.Rptr. 516], the plaintiff filed a section 998 offer, which the defendant accepted, and which provided that the plaintiff obtain a monetary judgment against the defendant. At that time, costs under section 1032 were permitted to a plaintiff "upon a judgment in his favor . . . in an action for the recovery of . . . damages; . . ." The defendant objected to plaintiff's subsequently filed cost bill, arguing the judgment was merely a settlement agreement which did not include an agreement to pay costs. The court rejected the argument, reasoning that on entry of a judgment, whether obtained by litigation or consent, the cost provisions of section 1032 applied: "Thus, one should not read into the statute allowing costs a restriction which has not been placed there. 'In general, a court should not look beyond the plain meaning of a statute when its language is clear and unambiguous, and there is no uncertainty or doubt as to the legislative intent. [Citation.]' [Quoting *Teachers Management & Inv. Corp.* v. *City of Santa Cruz* (1976) 64 Cal.App.3d 438, 446 (134 Cal.Rptr. 523).] Defendant has failed to provide any persuasive showing of legislative intent to exclude costs in compromise settlements." (*Rappenecker* v. *Sea-Land Service, Inc., supra*, 93 Cal.App.3d at p. 263.)

Thus, *Rappenecker* cautions against engrafting exceptions onto the clear language of section 1032, even if the judgment results from a settlement.

---

[4]Our analysis is limited to those items of costs, recoverable pursuant to section 1032 "as a matter of right," which are listed in section 1033.5, subdivision (a). Myriad statutory provisions either expressly provide for the exercise of the court's discretion (such as §§ 1033.5, subd. (c)(4) & 1038) or have been judicially construed as requiring trial court approval before recovery is permitted. (See, e.g., *Heather Farms Homeowners Assn.* v. *Robinson* (1994) 21 Cal.App.4th 1568, 1572-1574 [26 Cal.Rptr.2d 758] [discretion to determine "prevailing party" for purposes of attorney fee award under Civ. Code, § 1354].)

Although *Rappenecker* is not directly applicable because the language of section 1032 was substantially amended as part of the 1986 revisions to the cost statutes (see Stats. 1986, ch. 377, § 6, pp. 1578-1579), the revised language is more compelling, in that it indicates the prevailing party is "entitled as a matter of right" to costs.

NBS's entitlement to costs pursuant to section 1032 is also supported by negative implication from section 1038, a sister statute enacted as part of the same 1986 legislative revisions that included section 1032. (*In re Marriage of Pinto* (1972) 28 Cal.App.3d 86, 89 [104 Cal.Rptr. 371] [statutory interpretation may include examination of other in pari materia statutes enacted at the same time].) Section 1038 provides that when a party named as a cross-defendant in a cross-complaint seeking express or implied indemnity obtains dismissal of the cross-complaint by certain summary methods (e.g., summary judgment motion, nonsuit, directed verdict or motion under § 631.8), the cross-defendant may be entitled to recover a broad category of otherwise nonrecoverable costs.[5] However, section 1038, subdivision (a) conditions recovery of those costs on the court's finding that the cross-complaint was not brought in good faith and with reasonable cause. By negative implication, when a dismissed cross-defendant in an indemnity action does *not* seek those broader costs and instead limits the request to ordinary costs, the cross-defendant need *not* obtain prior court approval or findings and is entitled to ordinary costs as a matter of right.

### DISPOSITION

The order granting the motion to tax costs is reversed with directions to enter a new order denying the motion to tax costs. Appellant is entitled to costs on appeal.

Benke, Acting P. J., and Huffman, J., concurred.

---

[5]The costs include reasonable attorney fees; expert witness fees; and the expense for the services of experts, consultants and advisers where reasonably and necessarily incurred in defending the proceedings. (§ 1038, subd. (b).)