[No. B109424. Second Dist., Div. Five. Oct. 17, 1997.]

GREAT WESTERN BANK et al., Cross-complainants and Appellants, v. CONVERSE CONSULTANTS, INC., et al., Cross-defendants and Appellants.

610

## COUNSEL

Avner, Avner & Heyman, Roger P. Heyman and Reuben A. Ginsburg for Cross-complainants and Appellants.

Hunt, Ortmann, Blasco, Palffy & Rossell, Thomas Palffy and Ronald E. White for Cross-defendants and Appellants.

## OPINION

**GRIGNON, J.**—A cross-defendant enters into a good faith settlement with the plaintiffs, agreeing to pay the plaintiffs a sum of money which will offset any judgments the plaintiffs obtain against the defendant and cross-complainant. The trial court dismisses the cross-complaints and awards the cross-defendant its costs. The cross-complainant appeals the award of costs, contending it is the prevailing party on the cross-complaints in light of the fact that it obtained a net monetary recovery by virtue of the offset of the cross-defendant's settlement from the plaintiffs' judgments against the cross-complainant. We conclude the cross-defendant is the prevailing party on the cross-complaints because a dismissal was entered in the cross-defendant's favor and the cross-complainants recovered no relief against the cross-defendant. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

This appeal involves four separate lawsuits all arising out of property damage incurred as a result of a landslide in a residential development. Three of the lawsuits were brought by groups of homeowners (Brady, Gable, and Piper) and the fourth was brought by the County of Los Angeles (County). The plaintiffs in the four lawsuits sued Great Western Bank and Great Western Financial Corporation (collectively Great Western) as the successor in interest of the developer. Great Western cross-complained in all four actions against Converse Consultants, Inc., Converse Davis and Associates, and Converse Ward Davis Dixon, Inc. (collectively Converse), soil engineers and geologists, for indemnity. Plaintiffs did not sue Converse. In October 1993, the Brady plaintiffs obtained a $1.3 million judgment against

Great Western. In September and October 1994, the Gable plaintiffs obtained a $166,000 judgment against Great Western, the Piper plaintiffs a $321,000 judgment, and the County a $6 million judgment.

Trial of the cross-complaints had been severed from trial of the complaints. Converse attempted to settle the cross-complaints with Great Western for $300,000, but was unable to do so. Converse was able to settle with plaintiffs for a total amount of $300,000: $125,000 jointly to the Brady, Gable, and Piper plaintiffs and $175,000 to the County. Over the objection of Great Western, in February 1996, the trial court determined the settlement was a good faith settlement. Three hundred thousand dollars ($300,000) was credited towards plaintiffs' judgments against Great Western. Great Western petitioned for a writ of mandate with this court challenging the trial court's good faith settlement determination. The petition was denied. In September 1996, the trial court on motion of Converse dismissed the cross-complaints against Converse. Converse sought costs as the prevailing party on the cross-complaints in the amount of $22,000. The trial court struck $8,000 of costs and awarded Converse $14,000. Great Western appealed from the cost award contending it was the prevailing party on the cross-complaints and Converse should not have been awarded any costs. Converse also appealed from the cost award contending the trial court abused its discretion by striking $8,000 of costs for models, blowups, and photocopies of exhibits.

## DISCUSSION

### Prevailing Party

"The right to recover costs is wholly dependent on statute." (*Crib Retaining Walls, Inc.* v. *NBS/Lowry, Inc.* (1996) 47 Cal.App.4th 886, 889 [54 Cal.Rptr.2d 850].) "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).) " 'Prevailing party' includes the party with a net monetary recovery [and] a defendant [or cross-defendant] in whose favor a dismissal is entered . . . ." (*Id.*, subd. (a)(4).) ■ Thus, costs are available as a matter of right to a cross-defendant in whose favor a dismissal is entered. (*Crib Retaining Walls, Inc.* v. *NBS/Lowry, Inc.*, *supra*, 47 Cal.App.4th at p. 890.)

Code of Civil Procedure section 877.6 provides in pertinent part: "Any party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . . [¶] . . . [¶] (c) A determination by the court that

the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." The amount of the good faith settlement reduces the claims against the nonsettling tortfeasors. (Code Civ. Proc., § 877.)[1] The purpose of this legislation is to provide for equitable sharing of damages among the parties at fault and to encourage settlement. (*Mattco Forge, Inc.* v. *Arthur Young & Co.* (1995) 38 Cal.App.4th 1337, 1349 [45 Cal.Rptr.2d 581].) ■ A party which receives court approval of a settlement is entitled to a dismissal of the action. (*Greshko* v. *County of Los Angeles* (1987) 194 Cal.App.3d 822, 830 [239 Cal.Rptr. 846].) A cross-defendant who has not been named as a defendant in the main action may enter into a good faith settlement with the plaintiff in the main action and obtain a dismissal of the cross-complaint pursuant to Code of Civil Procedure section 877.6. (*Mattco Forge, Inc.* v. *Arthur Young & Co.*, *supra*, 38 Cal.App.4th at pp. 1347-1348.) However, such a settlement should be carefully scrutinized to ensure the settlement is reasonable, not collusive or fraudulent, and made in good faith. (*Id.* at p. 1354.)

■ A cross-defendant in whose favor a dismissal of the cross-complaint is entered is the prevailing party. (*Crib Retaining Walls, Inc.* v. *NBS/Lowry, Inc.*, *supra*, 47 Cal.App.4th at p. 890.) This is so even if the dismissal of the cross-complaint is the result of a good faith settlement determination of the trial court pursuant to Code of Civil Procedure section 877.6. (47 Cal.App.4th at p. 890.) A cross-defendant who obtains the dismissal of the cross-complaint after a good faith settlement with the plaintiff is the prevailing party for purposes of a cost award. (*Ibid.*) Settlements by other parties and corresponding offsets do not affect a prevailing party determination. (*Zamora* v. *Shell Oil Co.* (1997) 55 Cal.App.4th 204, 213-215 [63 Cal.Rptr.2d 762]; *Pirkig* v. *Dennis* (1989) 215 Cal.App.3d 1560, 1565-1568 [264 Cal.Rptr. 494]; *Syverson* v. *Heitmann* (1985) 171 Cal.App.3d 106, 112-114 [214 Cal.Rptr. 581].)

■ " ' "In general, a court should not look beyond the plain meaning of a statute when its language is clear and unambiguous, and there is no uncertainty or doubt as to the legislative intent." ' " (*Crib Retaining Walls, Inc.* v. *NBS/Lowry, Inc.*, *supra*, 47 Cal.App.4th at p. 890.) The language of

---

[1]Code of Civil Procedure section 877 requires a good faith settlement to be reached "before verdict or judgment." Subsequent to the good faith settlement determination in this case, Division Two of this district held that a settlement by a cross-defendant with a plaintiff after a verdict or judgment on the complaint, but before a verdict or judgment on the cross-complaint was not a good faith settlement as a matter of law. (*Be* v. *Western Truck Exchange* (1997) 55 Cal.App.4th 1139, 1144 [64 Cal.Rptr.2d 527].) *Be* has no effect on the decision in this case, because the good faith settlement determination is final.

Code of Civil Procedure section 1032 is clear and unambiguous. (47 Cal.App.4th at p. 890.) " 'Thus, one should not read into the statute allowing costs a restriction which has not been placed there.' " (*Ibid.*) A court should be cautious in engrafting exceptions onto the clear language of Code of Civil Procedure section 1032. (47 Cal.App.4th at p. 890.) There is no evidence of a legislative intent to exclude from Code of Civil Procedure section 1032 costs for judgments resulting from settlement. (47 Cal.App.4th at p. 890.)

In *Crib Retaining Walls, Inc.* v. *NBS/Lowry, Inc., supra,* 47 Cal.App.4th 886, the plaintiffs filed a construction defect action against the defendant, and the defendant filed a cross-complaint against the cross-defendant seeking equitable indemnity and contribution. The plaintiffs added the cross-defendant as an additional defendant in the main action. The cross-defendant settled with the plaintiffs for a waiver of costs and obtained a good faith settlement determination from the trial court. The trial court dismissed the cross-complaint, but denied the cross-defendant costs. The appellate court reversed, concluding that the cross-defendant was the prevailing party on the cross-complaint.

In this case, Converse is the prevailing party on the cross-complaints within the meaning of Code of Civil Procedure section 1032, because it is a cross-defendant in whose favor a dismissal of the cross-complaint is entered. Under the clear and unambiguous words of the statute, Converse is entitled to its costs as a matter of right. There is no exception in the cost statute for dismissals obtained as the result of a good faith settlement determination by the trial court.

This conclusion is justified not only by the clear, express language of the cost statute, but also by the only appellate decision considering a cost award to a cross-defendant resulting from a good faith settlement dismissal of a cross-complaint. *Crib Retaining Walls, Inc.* v. *NBS/Lowry, Inc., supra,* 47 Cal.App.4th 886 is virtually identical to this case with two exceptions: In *Crib,* the cross-defendant was also named as a defendant in the main action and the settlement involved only a waiver of costs and not a payment of money to the plaintiffs. We do not find these differences to require a different result. As we have observed, a cross-defendant is entitled to the dismissal of the cross-complaint where the cross-defendant settles with the plaintiff, even where the cross-defendant is not named as a defendant in the main action. A cross-defendant's status as a defendant in the main action is irrelevant except to the extent it requires the good faith of the settlement to be more carefully scrutinized, an issue not before us.

Nor do we find the fact that Converse paid money to the plaintiffs as part of the settlement to be a meaningful distinction. Converse settled with and

paid the money to the plaintiffs. Converse paid no money to Great Western and there was no resolution of the cross-complaints in Great Western's favor. It is true that Great Western was able to take advantage of the Converse settlement by means of an offset against the judgment. That does not mean that Great Western obtained a "net monetary recovery" from Converse. It simply reflects a statutory reduction in the judgments against Great Western because of payments received by plaintiffs from another source.

We note that allowing Converse to recover its costs against Great Western facilitates the legislative purposes of encouraging settlements and promoting equitable sharing of damages by the parties at fault. Great Western had every opportunity to settle with Converse for the same amount Converse paid to settle with plaintiffs. If Great Western had entered into a settlement with Converse, the award of costs could have been negotiated as part of the settlement. Great Western chose not to do so. Converse was, however, able to resolve this litigation by settling directly with plaintiffs. This settlement was determined by the trial court to have been in good faith, thus ensuring that Converse bore its proportionate share of plaintiffs' damages. Great Western's judgments were reduced by the amount of the settlement. Great Western must now bear the burden of its failure to settle the Converse litigation.

*Models, Blowups, and Photocopies*

Converse sought costs totaling $22,681.07. Included within this amount was $8,232.52 for models, blowups, and photocopies of exhibits. Great Western moved to strike this amount because these items were not recoverable as "reasonably helpful to aid the trier of fact," since the case had never gone to trial. (Code Civ. Proc., § 1033.5, subd. (a)(12); *Ladas* v. *California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 775 [23 Cal.Rptr.2d 810].) Converse argued that the exhibits had been "reasonably necessary to the conduct of the litigation," because the good faith settlement determination was made just prior to the commencement of trial. (Code Civ. Proc., § 1033.5, subd. (c)(2).) The trial court exercised its discretion and struck this cost. (*Id.*, subd. (c)(4).) Converse claims on appeal that the trial court abused its discretion. We find no abuse of discretion. (*Applegate* v. *St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361, 363-364 [28 Cal.Rptr.2d 436].) First, the record is inadequate to decide this issue because we have not been provided with a reporter's transcript of the hearing on the motion to tax costs. Second, apparently the trial court made clear to Converse that it would be given a reasonable continuance to prepare for trial should its request for a good faith settlement have been denied.

## DISPOSITION

The order awarding costs is affirmed. Converse is awarded its costs on appeal.

Turner, P. J., and Godoy Perez, J., concurred.