[No. A118355. First Dist., Div. Three. Apr. 17, 2008.]

RUBEN GUERRERO, Plaintiff and Respondent, v.
RODAN TERMITE CONTROL, INC., et al., Defendants and Appellants.

COUNSEL

Perry, Johnson, Anderson, Miller & Moskowitz and Scott A. Lewis for Defendants and Appellants.

Donahue Bates Blakemore & Mackey and Stephen J. Mackey for Plaintiff and Respondent.

OPINION

**POLLAK, Acting P. J.**—This is the second appeal in an action arising out of plaintiff's claims against multiple defendants for defects in his newly purchased home. In the first appeal, this court affirmed a judgment reducing to zero a verdict plaintiff obtained against one of the defendants by offsetting against the verdict the amount of a larger pretrial settlement with other defendants. The present appeal questions whether a pretrial settlement and corresponding offset to zero necessarily requires the shifting of postoffer costs under Code of Civil Procedure[1] section 998 if the plaintiff previously rejected a section 998 cash offer from the defendant against whom the claim was tried. There is currently a division of authority with respect to a similar issue under section 1032. However, regardless of the proper interpretation of section 1032, the determination of whether the plaintiff recovered more or less than the amount offered by the defendant for the purpose of applying section 998 is to be made taking into account any other settlements entered as of the time the section 998 offer was outstanding, but not considering settlements that had not yet been reached. The trial court here implicitly applied this approach in awarding all costs to plaintiff and we shall, therefore, affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2002, plaintiff purchased a home in Santa Rosa from Elizabeth Gonsalves. Both plaintiff and Gonsalves were represented in the transaction by a real estate agent for Help-U-Sell Santa Rosa (Help-U-Sell). Prior to the close of escrow, the home was inspected by defendants Rodan Termite Control, Inc., and its agent Daniel Madrid (collectively, Rodan). Shortly after the close of escrow, plaintiff discovered dry rot in the bathroom and kitchen and evidence of undisclosed repairs performed without permits to the home. In February 2003, plaintiff filed suit against Gonsalves,[2] Help-U-Sell, and Rodan. In December 2003, Rodan served on plaintiff a section 998 offer to compromise for $5,000, each side to bear its own costs. Plaintiff did not accept the offer.

---

[1] All references are to the Code of Civil Procedure unless otherwise indicated.

[2] Gonsalves was dismissed at the start of trial.

Approximately three years later, in November 2006, shortly before the start of trial, plaintiff entered a judicially approved good faith settlement with Help-U-Sell for $34,000. The case proceeded to trial against Rodan and the jury returned a special verdict for plaintiff in the amount of $15,600. The court subsequently granted Rodan's motion pursuant to section 877 to offset the settlement proceeds against the verdict and reduce the judgment to zero. Judgment was entered in favor of plaintiff for zero dollars, and this court affirmed that judgment (*Guerrero v. Rodan Termite Control, Inc.* (Feb. 21, 2008, A117319) [nonpub. opn.]).

After the entry of judgment, the parties both filed cost memoranda. Rodan moved to tax the costs plaintiff incurred subsequent to the filing of the section 998 offer to compromise, arguing that plaintiff's zero judgment was not more favorable than the $5,000 settlement offer. At the same time, plaintiff filed a motion to strike Rodan's memorandum of costs, contending he was nonetheless the prevailing party.

The trial court granted plaintiff's motion to strike Rodan's memorandum of costs and denied Rodan's motion. The court stated it was "on the verge of finding that [the section 998 offer] was not even a good faith offer." Noting that Rodan "just happened to get the benefit of a pretrial settlement with another defendant" and observing that the purpose of section 998 "is to encourage reasonable prejudgment or pretrial settlements," the court concluded, "the policy of [section] 998 is . . . best served by having the operation of this statute not come into effect in this particular circumstance." Rodan filed a timely notice of appeal.

## DISCUSSION

■ "The right to recover costs is wholly dependent on statute." (*Crib Retaining Walls, Inc. v. NBS/Lowry, Inc.* (1996) 47 Cal.App.4th 886, 889 [54 Cal.Rptr.2d 850].) Here, that right is conferred by sections 1032 and 998. Section 1032, subdivision (b) provides the general rule that the prevailing party is entitled to recover its costs as a matter of right. Section 1032, subdivision (a)(4) defines the "prevailing party" as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."

"Section 998 modifies the general rule of section 1032 that only the prevailing party recovers its costs." (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1112 [86 Cal.Rptr.2d 614, 979 P.2d 974].) Section 998, subdivision (a) states, "The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section." Under section 998, subdivision (c)(1), "[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer." The parties here disagree whether, for the purpose of allocating costs under section 998, a plaintiff whose judgment is reduced to zero by operation of section 877 can be deemed to have "obtain[ed] a more favorable judgment or award" than a rejected section 998 offer to pay $5,000. "In construing section 998, we review the trial court's decision de novo." (*Mesa Forest Products, Inc. v. St. Paul Mercury Ins. Co.* (1999) 73 Cal.App.4th 324, 329 [86 Cal.Rptr.2d 398].)

■ "[S]ection 998 is a cost-shifting statute which encourages the settlement of actions, by penalizing parties who fail to accept reasonable pretrial settlement offers. A plaintiff who refuses a reasonable pretrial settlement offer and subsequently fails to obtain a 'more favorable judgment' is penalized by a loss of prevailing party costs and an award of costs in the defendant's favor." (*Heritage Engineering Construction, Inc. v. City of Industry* (1998) 65 Cal.App.4th 1435, 1439 [77 Cal.Rptr.2d 459].) "The goal has been to apply [section 998] in a manner which best promotes its purpose." (*Guzman v. Visalia Community Bank* (1999) 71 Cal.App.4th 1370, 1375 [84 Cal.Rptr.2d 581], citing *T. M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 283 [204 Cal.Rptr. 143, 682 P.2d 338].)

■ This purpose is not accomplished by permitting the defendant to recover its postoffer costs in every case in which the plaintiff fails to recover more than the defendant's section 998 offer. Unless the cost shifting is dependent on the defendant having submitted a reasonable offer that the plaintiff could realistically have been expected to accept, there will be no encouragement for settlement. Thus, in *Wear v. Calderon* (1981) 121 Cal.App.3d 818 [175 Cal.Rptr. 566] (*Wear*), the court concluded that "in order to accomplish the legislative purpose of encouraging settlement of litigation without trial [citation], a good faith requirement must be read into section 998. In other words, the pretrial offer of settlement required under section 998 must be realistically reasonable under the circumstances of the particular case." (*Wear, supra,* at p. 821.) Since the Legislature "reenact[ed] section 998 without pertinent change in light of *Wear*, the Legislature has approved and adopted *Wear*'s interpretation of section 998." (*Elrod v. Oregon Cummins Diesel, Inc.* (1987) 195 Cal.App.3d 692, 696 [241 Cal.Rptr. 108].)

█ Similarly, in determining whether plaintiff obtained a "more favorable judgment or award" than a section 998 offer, the objective of encouraging settlement requires consideration of the status of the litigation when the section 998 offer was submitted. In the present case, when Rodan submitted its $5,000 offer early in the litigation, plaintiff had recovered nothing by way of settlement or otherwise and had a valid claim against Rodan that the jury later determined to be worth substantially more than the $5,000 that Rodan offered. Plaintiff thus did not reject an offer that the outcome of trial indicates should have been accepted. Even if Rodan's offer was not so low as to have been in bad faith, there is still no reason why Rodan should be rewarded for having submitted the offer, nor is there any reason to penalize plaintiff for having rejected it. The costs that plaintiff incurred subsequent to rejecting the $5,000 offer were incurred in pursuit of a claim with a value of at least $15,600. Regardless of the offset based on subsequent developments in the litigation, plaintiff was justified in rejecting the offer when he rejected it.

The situation would have been very different if Rodan had submitted a section 998 offer for $5,000 after plaintiff had accepted $34,000 in settlement from Help-U-Sell. In that event, plaintiff would have been required to evaluate the likelihood of recovering at least $39,000 from Rodan. Had he rejected such an offer at that time, it would be entirely consistent with the objectives of section 998 to shift the burden of subsequently incurred costs to him. However, because there had been no such settlement when Rodan made its offer, plaintiff had occasion to evaluate only the prospects of recovering more than $5,000. Since plaintiff did in fact recover more than that amount and obtained a verdict against Rodan for more than that amount, there is no reason to give Rodan a windfall benefit because other defendants later decided to settle for an amount that offset plaintiff's verdict against it.

█ Considering the amount of the verdict reduced only by offsets to which it was subject at the time the section 998 offer was outstanding is consistent not only with the purpose but is implicit in the language of section 998. Subdivision (c)(1) of section 998 distinguishes between preoffer and postoffer costs: "[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her *postoffer* costs and shall pay the defendant's *costs from the time of the offer.*" (Italics added.) By authorizing the shift only of costs incurred after rejection of the section 998 offer, a plaintiff obtaining any recovery—even though less than the section 998 offer—remains entitled to recover its preoffer costs, as provided by section 1032, while the defendant is entitled to recover postoffer costs. Section 998 contemplates a comparison of

the section 998 offer with the circumstances as they existed when the plaintiff had the opportunity to accept the section 998 offer.[3]

This issue has arisen more frequently under section 1032. Until recently the California Courts of Appeal had been unanimous that a plaintiff who obtains a positive verdict against a defendant but whose judgment is reduced to zero by operation of section 877 is nonetheless the "prevailing party" for the purpose of awarding costs under section 1032. (See, e.g., *Ferraro v. Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33 [162 Cal.Rptr. 238] (*Ferraro*); *Syverson v. Heitmann* (1985) 171 Cal.App.3d 106 [214 Cal.Rptr. 581] (*Syverson*); *Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963 [52 Cal.Rptr.3d 400] (*Wakefield*).) In *Ferraro*, following a jury verdict in the plaintiffs' favor, the trial court entered a judgment of zero dollars due to deductions for prior settlements and a subrogation agreement. (102 Cal.App.3d at pp. 37–40.) The trial court awarded costs to the plaintiffs under the former version of section 1032[4] (*Wakefield*, at p. 40) and the Court of Appeal affirmed (*id.* at pp. 52–53). The court explained, "To consider [the plaintiffs] as not having received a 'favorable judgment' would exalt form over substance. They certainly were the prevailing party in the lawsuit and the fact that the [defendant] did not have to actually pay them any damages was due not to any deficiency in their case, but due to circumstances not directly stemming from the issues regarding liability as litigated between the parties. Disallowance of an award of costs to [the plaintiffs] under these circumstances could only be based upon a hypertechnical construction of the words of section 1032 . . . unsupported by case law." (*Ibid.*)

In *Syverson,* under the former version of section 1032, the Court of Appeal held under similar circumstances that the plaintiff nonetheless received a "judgment in his favor" entitling him to the recovery of costs. The court explained, "The complete offset of an award by the amount of a settlement cannot be used to bootstrap a claim that plaintiff had no legitimate cause of action at the beginning. Plaintiff *had* a legitimate cause of action and he *prevailed* on it. The jury found defendant liable for plaintiff's injuries. The fact that plaintiff is not entitled to recover damages from defendant is due not

---

[3] Although in the present case no issue arises as to whether the date on which the section 998 offer was submitted or the date on which it was rejected or deemed withdrawn by expiration of the period for acceptance should control, in principle we believe it should be the latter. Should the plaintiff settle with other defendants after receiving a section 998 offer that is still outstanding, we see no reason why the plaintiff should not be required to take that settlement into account in deciding whether to accept the section 998 offer.

[4] The former version of section 1032 read, "costs are allowed of course: [¶] (a) [t]o plaintiff upon a judgment in his favor: . . . in an action for the recovery of money or damages: . . . [¶] (b) [t]o the defendant upon a judgment in his favor . . . ." (Stats. 1957, ch. 1172, § 1, p. 2464, repealed by Stats. 1986, ch. 377, § 5, p. 1578; see *Ferraro, supra,* 102 Cal.App.3d at p. 52.) Section 1032, subdivision (b) now reads: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

to a failure to 'make out his case,' but solely to the fortuitous fact that the damages assessed by the jury equalled the sums previously received in settlement." (*Syverson, supra*, 171 Cal.App.3d at p. 113.)

In *Wakefield*, the Sixth Appellate District held that under the current version of section 1032 a reduction of plaintiff's judgment to zero by operation of section 877 does not affect the determination of the prevailing party. (*Wakefield, supra*, 145 Cal.App.4th at p. 978.) The court observed that "courts have repeatedly emphasized: 'Settlements by other parties and corresponding offsets do not affect a prevailing party determination.' " (*Id.* at p. 982, quoting *Great Western Bank v. Converse Consultants, Inc.* (1997) 58 Cal.App.4th 609, 613 [68 Cal.Rptr.2d 224], citing *Zamora v. Shell Oil Co.* (1997) 55 Cal.App.4th 204, 213–215 [63 Cal.Rptr.2d 762]; *Pirkig v. Dennis* (1989) 215 Cal.App.3d 1560, 1565–1568 [264 Cal.Rptr. 494]; *Syverson, supra*, 171 Cal.App.3d at pp. 112–114; *Ferraro, supra*, 102 Cal.App.3d at pp. 52–53.) Accordingly, the court held that "[w]hen a jury verdict results in a damage award for one litigant, that party has obtained a net monetary recovery for purposes of the prevailing party determination under section 1032, even if the judgment is later reduced to zero as a result of offsets for good faith settlements under section 877." (*Wakefield, supra*, at pp. 982–983.)

This line of authority under section 1032 tends to support our interpretation of section 998. If a plaintiff who obtains a favorable verdict against one defendant that is reduced by offsets to a zero judgment is deemed the prevailing party under section 1032, certainly the same should be true under section 998 if the verdict exceeds the amount of the section 998 settlement offer.

Very recently, however, the Fourth Appellate District disagreed with *Wakefield* and the line of authority on which it rests, holding that a plaintiff whose judgment has been reduced to zero by operation of section 877 is not the "party with a net monetary recovery" within the meaning of the first sentence of section 1032, subdivision (a)(4). (*Goodman v. Lozano* (2008) 159 Cal.App.4th 1313 [72 Cal.Rptr.3d 275] (*Goodman*).) Placing heavy reliance on the words of the statute—"*judgment* in his favor" pre-1986 and "net monetary *recovery*" post-1986—the court reasoned that "[a]ny reduction for prior settlements is made prior to entry of judgment, so the question of whether there was a judgment in a litigant's favor is tested after the operation of section 877 results in that judgment, not before." (*Goodman, supra*, at p. 1346.) The court concluded, "[W]hen litigation results in a net zero judgment as a result of the operation of section 877, the plaintiff receiving the net zero judgment does not fall into the category of 'the party with the net monetary judgment' set out in section 1032." (*Goodman, supra*, at p. 1347.)

We need not take a position with respect to the proper interpretation of the language of section 1032, since the issue in the present case requires the application of section 998. Nonetheless, we observe that the *Goodman* interpretation does not necessarily produce the equitable results envisioned by the opinion in that case. In *Goodman*, the plaintiffs obtained settlements totalling approximately $230,000 yet proceeded to trial against nonsettling defendants whom the court found were liable for $146,000, all of which was offset by the prior settlements. (*Goodman, supra,* 159 Cal.App.4th at p. 1319.) The trial court concluded that under section 1032, subdivision (a)(4) it had discretion to determine the prevailing party and in the exercise of its discretion found that the nonsettling defendants had prevailed and were thus entitled to recover their costs of suit. The Court of Appeal agreed with the trial court and refused to follow *Wakefield,* under which it "would be forced to conclude" that the plaintiffs were " 'categorically' the prevailing parties." (159 Cal.App.4th at p. 1324.) In holding that the plaintiffs whose entitlement to damages was eliminated by the offset did not obtain "a net monetary recovery" within the meaning of the first sentence of section 1032, subdivision (a)(4), the Court of Appeal assumed that the second sentence of subdivision (a)(4) applied, under which the trial court has discretion to determine the prevailing party.[5] However, if the plaintiffs did not come within the meaning of the nondiscretionary first sentence of subdivision (a)(4) because they did not obtain a "net monetary recovery," the defendants came within the meaning of that sentence because they were "defendant[s] as against those plaintiffs who do not recover any relief against [those] defend- ant[s]." Under the *Goodman* interpretation of "net monetary recovery," the trial court had no choice but to award defendants their costs of suit. Although under the facts in *Goodman,* that result was reached by the trial court in exercising its discretion, in other cases the *Goodman* interpretation may require the court to deny costs to the plaintiff where other considerations seem to call for a different result.

Under either the *Wakefield* or *Goodman* interpretation of section 1032, an inequitable outcome may result. Under *Wakefield,* the plaintiff may be entitled to recover its costs where under all of the circumstances the court in its discretion would award costs to the defendant. Under *Goodman,* the defend- ant may be entitled to recover its costs where under all of the circumstances the court in its discretion would award costs to the plaintiff. This potential inequity arises because the first sentence of section 1032, subdivision (a)(4), which provides several alternative categorical definitions of a prevailing party, takes into account only the final disposition of the action. The

---

[5] The court stated that "*unless* [plaintiffs] fall into the category 'the party with a net monetary recovery,' the question of who was the prevailing party would be a matter for trial court discretion, and the trial court's determination, being at least reasonable, would necessar- ily have to be upheld." (*Goodman, supra,* 159 Cal.App.4th at p. 1326.)

prevailing party under any of these definitions is entitled to recover all statutorily authorized costs of suit regardless of when they were incurred. No consideration is given to such factors, in the context of an offset, as when in the course of the litigation the plaintiff settled with other defendants and what portion of the costs were incurred before or after the settlement and before or after other offers from the nonsettling defendant that the plaintiff may have rejected. The resolution of the conflict between *Wakefield* and *Goodman* will not eliminate this dilemma. Only an amendment of the statute can do so.

Fortunately, section 998 permits consideration of these additional factors. This section does not require an award of all recoverable costs to either party, but focuses on those costs incurred subsequent to the rejection of a settlement offer. The cost burden is placed on the party who, in effect, is responsible for those costs being incurred. If the defendant submits an offer that is equally or more favorable than the amount the plaintiff recovers after taking into account any settlements that had been reached as of the time the section 998 offer was outstanding, the plaintiff is entitled to recover its costs incurred prior to the submission of the section 998 offer but the defendant is entitled to recover costs incurred thereafter. However, if the plaintiff does obtain a determination that the nonsettling defendant is liable for an amount greater than the rejected section 998 offer, and that amount is not subject to any offsets that existed when the offer was rejected or permitted to lapse, there is no shifting of any portion of the costs. Thus, section 998 permits what will normally be a more equitable allocation of the cost burden and provides an incentive for the defendant to make and the plaintiff to accept settlement offers that are reasonable at the time they are made. An alternative interpretation "would not promote the equitable sharing of costs because it would allow a defendant who is unsuccessful at trial to use a joint tortfeasor's settlement to offset the plaintiff's costs, even if those costs were incurred due to [the] defendant's failure to settle. Moreover, such a construction would not encourage the defendant to settle the action." (*Reed v. Wilson* (1999) 73 Cal.App.4th 439, 445 [86 Cal.Rptr.2d 510].)

Thus, we conclude that the trial court appropriately determined that Rodan was not entitled to shift the cost burden to plaintiff under section 998 because plaintiff did not fail to obtain a judgment or award more favorable than what he would have received, at the time Rodan's offer was outstanding, if he had accepted the offer.[6]

---

[6] We also reject Rodan's additional contention that it was entitled to costs under section 1033, subdivision (a). That section did give the trial court discretion to award Rodan its costs because plaintiff's $15,600 verdict could have been rendered in a limited civil case. "We review the trial court's denial of costs under . . . section 1033, subdivision (a) for abuse of discretion." (*Steele v. Jensen Instrument Co.* (1997) 59 Cal.App.4th 326, 331 [69 Cal.Rptr.2d

## DISPOSITION

The order from which the appeal was taken is affirmed. Plaintiff shall recover his costs on appeal.

Siggins, J., and Jenkins, J., concurred.

135].) We see no reason to conclude that the trial court abused its discretion here in permitting plaintiff to recover his costs. (*Ibid.*)