Filed 8/17/16  Barahona v. Automotive Creations CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WALTER BARAHONA, | |
| Plaintiff and Respondent, | G052354 |
| v. | (Super. Ct. No. 30-2013-00694317) |
| AUTOMOTIVE CREATIONS, INC., et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Affirmed.

Del Mar Law Group and JL Sean Slattery for Defendants and Appellants.

Law Offices of Steven A. Alexander and Steven A. Alexander; Law Offices of Nicholas J. Cochran and Nicholas J. Cochran for Plaintiff and Respondent.

Walter Barahona sued his former employers, Automotive Creations, Inc. and Expert Automotive Reconditioning, Inc. (collectively referred to as Employers), for unpaid wages and other items. Barahona filed the suit as an unlimited civil case. He recovered damages in the amount of $24,488; $512 shy of the unlimited jurisdiction threshold. While it was within the trial court's discretion to deny attorney fees pursuant to Code of Civil Procedure section 1033, subdivision (a),[1] the court awarded Barahona $40,000 in attorney fees. Employers contend the trial court improperly exercised its discretion to award fees under section 1033, subdivision (a), because Barahona did not have a good faith basis to bring his lawsuit in unlimited jurisdiction and the ultimate recovery fell short of the jurisdictional minimum. We find no error and affirm the postjudgment order.

I

Barahona worked for Employers for approximately a year and a half performing automotive detailing work. Employers terminated Barahona on November 25, 2013.

The following month, Barahona filed an unlimited civil complaint in Orange County Superior Court alleging Employers owed him $19,320 in compensatory damages for unpaid overtime and rest breaks. Barahona also sought a $1,733 penalty under Labor Code section 203, $2,250 in additional damages under various Labor Code provisions, $2,898 in interest, and $15,000 in attorney fees pursuant to Labor Code section 218.5.

Employers' counsel sent a letter to Barahona's counsel asserting the lawsuit should have been filed in limited jurisdiction and the maximum recovery was $23,303. Employers offered to stipulate to transfer the case to limited jurisdiction, and the record does not show a response from Barahona. The case proceeded in unlimited jurisdiction.

_____

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

Before trial, Barahona requested default judgments against several defendants that are not parties to this appeal. The default requested $19,300 in damages, $2,898 in interest, $1,933 in costs, and $15,000 in attorney fees. The clerk did not enter a default judgment against the requested defendants, and they were eventually dismissed from the case.

Barahona's case against Employers went to trial. The jury determined Employers were liable for unpaid wages in the amount of $12,244 each. The jury found for Employers on Barahona's other claims. After trial, Barahona requested $1,683 in litigation costs and, the subject of this appeal, made a motion for $89,231 in attorney fees pursuant to Labor Code section 218.5.

Employers opposed Barahona's motion for attorney fees, arguing the fee award was prohibited under section 1033, subdivision (a). The trial court granted Barahona's motion for attorney fees and awarded him $40,000. This appeal followed.

II

We review for abuse of discretion a trial court's award of attorney fees to a prevailing party under section 1033, subdivision (a), which grants the trial court discretion to award or deny fees in cases where the prevailing party recovers a judgment that could have been rendered in a limited civil case. (*Guerrero v. Rodan Termite Control, Inc*. (2008) 163 Cal.App.4th 1435, 1446, fn. 6.)

There is no dispute Barahona was the prevailing party entitled to fees pursuant to Labor Code section 218.5. This appeal focuses instead on whether the trial court abused its discretion under section 1033, subdivision (a), in awarding $40,000 in attorney fees to Barahona. Employers claim the trial court abused its discretion in awarding Barahona attorney fees because there is no evidence Barahona had a good faith basis to bring his lawsuit in unlimited jurisdiction. Employers are incorrect.

Under section 1033, subdivision (a), "costs or any portion of claimed costs shall be as determined by the court in its discretion in a case other than a limited civil

3

case in accordance with [s]ection 1034 where the prevailing party recovers a judgment that could have been rendered in a limited civil case." (§ 1033, subd. (a).) In other words, if a plaintiff brings an unlimited civil action and recovers a judgment within the $25,000 jurisdictional limit for a limited civil action, the trial court may deny costs to the plaintiff, but is not required to. (§ 1033, subd. (a); *Steele v. Jensen Instrument Co*. (1997) 59 Cal.App.4th 326, 330.)

The purpose behind section 1033, subdivision (a), "is to discourage plaintiffs from 'over filing' their cases." (*Valentino v. Elliott Sav-On Gas, Inc*. (1988) 201 Cal.App.3d 692, 701 (*Valentino*).) When litigants bring cases in unlimited civil court that properly belong in limited civil, "they invoke the more extensive and expensive procedures the judicial system reserves for higher stakes cases." (*Ibid*.) In exercising its discretion under section 1033, subdivision (a), a trial court should consider several factors, including "the amount of damages the plaintiff reasonably and in good faith could have expected to recover and the total amount of costs that the plaintiff incurred. [Citations.]" (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 984.) So, while the court is not required to add in a fee award in determining whether a judgment was too low (*Dorman v. DWLC Corp*. (1995) 35 Cal.App.4th 1808, 1815), nothing prevents it from doing so.

As the party challenging the fee award, Employers had an affirmative obligation to provide an adequate record so that we may assess whether the trial court abused its discretion. (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447.) We are mindful the "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [internal citations].) Thus, the absence of a transcript detailing precisely what the trial court considered in making its

award of attorney fees to Barahona hampers a determination the trial court abused its discretion.

Moreover, nothing in the record suggests the trial court failed to consider Barahona's good faith basis for bringing his lawsuit in unlimited jurisdiction. The issue was extensively briefed in the parties' motions and oppositions on the fee dispute. Indeed, after considering the motion for attorney fees, the trial court cut the requested amount of fees nearly in half. But, since there is no transcript of the hearing on Barahona's motion for attorney fees, it is unclear precisely which factors the trial court considered in its award of fees.

Employers insist the trial court abused its discretion by awarding fees to Barahona because the evidence showed Barahona lacked a good faith belief his claims were proper as an unlimited civil case. Employers point to the fact the complaint alleged compensatory damages less than $25,000 and Barahona sought a default judgment that claimed similar damages. What the evidence shows, however, is that Barahona obtained a judgment larger than what he initially requested in his complaint and just shy of the jurisdictional amount. His complaint alleged various causes of action against numerous defendants and sought attorney fees and costs. On this evidence, the trial court could reasonably infer Barahona acted in good faith when he filed his complaint as an unlimited action.

Employers contend that *Valentino*, *supra*, 201 Cal.App.3d 692, supports their position. *Valentino* is readily distinguishable. The trial court denied plaintiff her costs after a $9,750 verdict. (*Id.* at pp. 702-703.) The appellate court affirmed, not because the recovery was below the $25,000 jurisdictional limit, but because the unforeseeably low verdict was due to the fact defendant proved plaintiff lied on the stand about her damages. (*Id.* at p. 702.) Employers have shown no such evidence of Barahona's bad faith. In contrast to the *Valentino* plaintiff, who received a small fraction

5

of what she initially sought, Barahona obtained several thousand dollars more than he requested in his complaint.  (*Id*. at pp. 695-696.)

The mere fact the judgment came in just under the jurisdictional limit does not constitute an abuse of discretion.  Because Employers failed to establish any other reason to question the trial court's discretion, the judgment must be affirmed.

## III

The postjudgment order awarding Barahona attorney fees is affirmed. Respondent shall recover his costs on appeal.


O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.